

**The Rosen Law Firm**
**I N V E S T O R   C O U N S E L**

Joshua Baker
jbaker@rosenlegal.com

May 3, 2023

<u>**VIA ECF**</u>

The Honorable Denise L. Cote
United States District Judge
United States District Court for the
Southern District of New York
500 Pearl Street, Room 1910
New York, NY 10007

Re:  *In re Riskified Ltd. Sec. Litig.*, No. 1:22-cv-03545-DLC

Dear Judge Cote:

We are Lead Counsel for the Plaintiffs in the above-referenced action. We write to briefly respond to Defendants' letter dated May 2, 2023 (ECF No. 86), attaching a recent decision, *Gomez v. Credit Suisse AG*, No. 22-cv-115 (JPC)(BCM), 2023 WL 2744415 (S.D.N.Y. Mar. 31, 2023), which Defendants assert supports the arguments in their motion to dismiss (ECF No 78). For the following reasons, *Gomez* is distinguishable and provides no support for Defendants' motion.

As an initial matter, *Gomez* involved allegations of securities fraud under Section 10(b) of the Securities Exchange Act of 1934 and did not address any violations of the disclosure requirements of Item 5 of S.E.C. Form 20-F (or Item 303 of S.E.C. Regulation S-K). *See* 2023 WL 2744415 at *1. In contrast, Plaintiffs here allege violations of Section 11 of the Securities Act of 1933, with no claims of fraud, and based largely on violations of Item 5.

In *Gomez*, the plaintiff held short positions in certain exchange traded notes issued by Credit Suisse ("ETNs") "designed to provide investors with inverse triple leveraged exposure" to an index comprising "a varying amalgamation of short-term natural gas futures contracts." *Id.* at *1-2. After Credit Suisse issued a press release announcing its decision to suspend further issuance of and to delist the ETNs, the price of the ETNs began to spike, sparking a "short squeeze" that caused the plaintiff's losses. The plaintiff alleged that Credit Suisse failed to adequately disclose the risk of a short squeeze in the press release. *Id.*

Judge Cronan found that no further risk disclosures were required because the press release "clearly contemplated and warned that delisting [the ETNs] could affect supply and demand in a manner that might lead to the development of a premium purchase price and thus significant losses

**THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 40TH FLOOR ♦ NEW YORK, NY 10016 ♦ TEL: (212) 686-1060 ♦ FAX: (212) 202-3827**

to short sellers." *Id.* at \*9. Notably, the plaintiffs did not allege that a short squeeze had already occurred, but only that it was "imminent," *id.* at \*5, which the court also found was equally discernable to the plaintiff from public information, *id.* at \*10.

Here, in contrast, Plaintiffs allege that Defendants failed to disclose a material shift in Riskified's merchant mix *that had already transpired* at the time of the IPO (and was in no way knowable to Plaintiffs at the time). Plaintiffs allege that Defendants' warning that a *hypothetical* shift in merchant mix *could* impact Riskified's margins was inadequate to apprise investors of the undisclosed trend in Riskified's merchant mix toward lower margin clients, which had *already materialized* at the time of the IPO. In *Gomez*, the warned-of potential short squeeze had neither materialized nor was it based on facts known only to the defendants at the time the challenged statements were made. Here, Plaintiffs allege that the undisclosed trend in merchant mix was already known at the time of the IPO, and only the foreseeable consequences of that undisclosed, existing trend had yet to materialize. Thus, the facts and ruling in *Gomez* are inapposite to the allegations of Plaintiffs' complaint and provide no support for Defendants' motion.

We appreciate the Court's consideration of this response.

Respectfully submitted,

*/s/Joshua Baker*

cc:     Counsel of record for all parties (via ECF)

2