

The Rosen Law Firm
INVESTOR COUNSEL

Joshua Baker
jbaker@rosenlegal.com

May 9, 2023

**VIA ECF**

The Honorable Denise L. Cote
United States District Judge
United States District Court for the
Southern District of New York
500 Pearl Street, Room 1910
New York, NY 10007

Re:    *In re Riskified Ltd. Sec. Litig.*, No. 1:22-cv-03545-DLC

Dear Judge Cote:

We are Lead Counsel for the Plaintiffs in the above-referenced action. We write to provide the Court with notice of a recent decision in this District that supports Plaintiffs' arguments in opposition to the pending motion to dismiss (ECF No. 78) in this action. A copy of the decision, *Nayani v. LifeStance Health Grp., Inc.*, No. 22-cv-6833 (JSR), 2023 WL 3260260 (S.D.N.Y. May 4, 2023), is attached to this letter as Exhibit A.

In *Nayani*, Judge Rakoff denied the defendants' motion to dismiss an amended complaint alleging claims under Sections 11 and 15 of the Securities Act of 1933 ("Securities Act"). *Id.* at *1. The *Nayani* complaint alleged that the registration statement filed by LifeStance Health Group, Inc. ("LifeStance") in connection with its June 2021 initial public offering ("IPO") contained misleading omissions of material fact. *Id.* LifeStance, which provides mental health services throughout the United States, claimed in its registration statement that its retention rate for its clinicians—a critical metric for LifeStance's success—was 87% between March 2017 and December 31, 2020, significantly above the industry average during that period. *Id.* However, by midway through the second quarter of 2021, the quarter during which LifeStance filed its registration statement, LifeStance began to see a marked decrease in retention rate, which it did not disclose. *Id.*

In denying the motion to dismiss, Judge Rakoff held that the complaint "plausibly alleges that the Registration Statement was misleading because it omitted a material fact – namely, LifeStance's interim retention rate." Several of Judge Rakoff's findings support Plaintiffs' arguments here.

First, Judge Rakoff rejected the defendants' argument that the claims "sound in fraud" and that the heightened pleading requirements of Rule 9(b) apply because, as here, the plaintiff disclaimed any allegation of fraud or scienter, the allegations tracked the statutory language of the Securities Act, and the allegations were "consistent with negligence." *Id.* at *2.

THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 40TH FLOOR ♦ NEW YORK, NY 10016 ♦ TEL: (212) 686-1060 ♦ FAX: (212) 202-3827

Second, the Court rejected the defendants' arguments "that disclosure of the interim retention data was not needed to correct any otherwise misleading statement, that the interim retention data was immaterial, and that LifeStance had no duty to disclose results between the close of two quarters." *Id.* at \*2. Judge Rakoff found that even though the registration statement accurately disclosed historical data, and "expressly warned its investors that its retention rate might change in the future," the omissions of the material interim trend were nonetheless actionable because "[u]nder section 11, 'An issuer must as well desist from misleading investors by saying one thing and holding back another.'" *Id.* at \*3 (quoting *Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, 135 S.Ct. 1318, 1331 (2015)). Judge Rakoff explained that "[t]hat duty is precisely what plaintiff alleges the defendants breached," in that LifeStance already possessed new data indicating that the retention rate had declined. *Id.* at \*3. Similarly, here, Riskified's disclosure of historical margin data did not negate its duty to disclose material adverse facts known at the time of the IPO indicating that margins were likely to decrease in the future.

Third, Judge Rakoff rejected the same exact argument that Defendants feature in their motion here, that the company had no duty to disclose interim results arising between quarters. *Id.* at \*3. To the contrary, Judge Rakoff held—after distinguishing several cases that Defendants here have cited in their brief—that "there is no bright-line rule that immunizes a company from the duty to disclose interim results. The applicable standard for whether interim results must be disclosed is simply the standard for materiality." *Id.* at \*4. That said, Plaintiffs *do not* allege here that Defendants omitted Riskified's interim margin results.  Plaintiffs allege that the trends in Riskified's merchant mix were material and already known at the time of the IPO, and thus their omission from the registration statement was actionable.

We appreciate the Court's consideration of this supplemental authority.

Respectfully submitted,

*/s/Joshua Baker*

cc:    Counsel of record for all parties (via ECF)

THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 40TH FLOOR ♦ NEW YORK, NY 10016 ♦ TEL: (212) 686-1060 ♦ FAX: (212) 202-3827