PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS          NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

535 MISSION STREET, 24TH FLOOR
SAN FRANCISCO, CA 94105
TELEPHONE (628) 432-5100

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER

(212) 373-3289

WRITER'S DIRECT FACSIMILE

(212) 492-0289

WRITER'S DIRECT E-MAIL ADDRESS

asoloway@paulweiss.com

May 15, 2023

**By ECF**

The Honorable Denise Cote
United States District Judge
United States District Court for the
Southern District of New York
500 Pearl Street, Room 1910
New York, NY 10007

> *In re Riskified Ltd. Securities Litigation*, No. 1:22-cv-03545-DLC

Dear Judge Cote:

We represent defendants Riskified Ltd., Eido Gal, Assaf Feldman, Aglika Dotcheva, Erez Shachar, Eyal Kishon, Aaron Mankovski, Tanzeen Syed, and Jennifer Ceran in the above-referenced action. We write to respond to Plaintiffs' letter dated May 9, 2023 ("Pl. Ltr.," ECF No. 88), attaching a recent decision *Nayani* v. *LifeStance Health Grp., Inc.*, No. 22-cv-6833 (JSR), 2023 WL 3260260 (S.D.N.Y. May 4, 2023), which is readily distinguishable.

In *Nayani*, the defendant's registration statement reported clinician retention rates for more than three years prior to the IPO that were consistently strong and "significantly above the industry average." *Nayani*, 2023 WL 3260260, at *1. Plaintiffs adequately alleged the registration statement was misleading because it failed to disclose interim data from the quarter of the IPO that reflected a significant decline in retention that was outside the range of reported historical results. *Id.* at *2–3. This break from historical trends caused the issuer to revise its financial projections downward for the second half of the year, including profit margin and EBITDA. *Id.* at *1.

The facts here are the opposite. Riskified's registration statement reported that its historical gross profit margin had fluctuated between 45% and 58% during the nine quarters that were reported prior to the IPO, and warned that profit margins could continue to fluctuate in the future. (Def. Br. 6–7 (ECF No. 79).) Riskified then reported profit margins of 46% during the quarter of the IPO (3Q21)—*squarely within the reported historical range*—at the same time that it reported year-over-year *growth* in key metrics like revenue, gross profit, and GMV. (Def. Br. 8.) Riskified's margins then increased to 53% in 4Q21.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Honorable Judge Cote                                                                        2

(*Id.*)  The decline in *Nayani*, by contrast, was atypical, outside the historical range, and had a long-term direct impact on future profitability.

Moreover, *Nayani* is inapposite because it primarily concerned "whether [the defendant] had a duty to disclose its interim retention data[.]"  *Nayani*, 2023 WL 3260260 at *2.  But Plaintiffs concede—including in their letter—that they "*do not* allege . . . that Defendants omitted Riskified's interim margin results."  (Pl. Ltr. 2; *see also* Opp. 16 (ECF No. 82).)  Instead, Plaintiffs argue that Defendants failed to disclose a trend in Riskified's merchant mix—which is not an externally reported metric—in violation of Regulation S-K.  (*See* Pl. Ltr. 2; Opp. 16.)  The decision in *Nayani* did not address the failure to disclose a trend or violations of Regulation S-K.

*Nayani* is also distinguishable because plaintiffs there adequately alleged that management knew of data reflecting the decline in retention at time of IPO.  *Nayani*, 2023 WL 3260260 at *1, *4.  Here, Defendants plead no facts demonstrating that Riskified's senior management knew about a decline in profit margins or change in merchant mix at the time of the IPO—a mere four weeks after the company completed a quarter with record high margins.  (Def. Br. 15.)

Plaintiffs argue separately that *Nayani* supports their argument that their claims are not subject to the heightened pleading standard of Rule 9(b).  (Pl. Ltr. 1.)  Not so.  Judge Rakoff held in *Nayani* that Rule 9(b) did not apply where plaintiffs' allegation merely tracked the elements of a section 11 claim.  *Nayani*, 2023 WL 3260260 at *2.  Here, Plaintiffs argue that Defendants "*misled investors* due to the omission of material facts *known to Defendants*," which clearly reflects a theory of fraud regardless of the labels Plaintiffs use to frame their claims.  (Def. Br. 9; Reply 1 n.1 (ECF No. 85).)

Finally, *Nayani* supports dismissal of Plaintiffs' control person claims under Section 15.  As Judge Rakoff held, culpable participation is an essential element of a Section 15 claims.  *Nayani*, 2023 WL 3260260 at *4.  Plaintiffs do not dispute their failure to plead this element.  (*See* Opp. at 25; Def. Br. 25.)

We appreciate the Court's consideration of this response.

Respectfully submitted,

*/s/ Audra J. Soloway*

Audra J. Soloway

cc:      Counsel of record (via ECF)