UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE RISKIFIED LTD. SECURITIES LITIGATION | Case No. 1:22-cv-03545-DLC |

**DECLARATION OF JOSHUA BAKER IN SUPPORT OF
PLAINTIFFS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW
REGARDING COMPLIANCE WITH RULE 11(b)**

I, Joshua Baker, declare the following, to the best of my knowledge, pursuant to 28 U.S.C. §1746:

1.      I am a member in good standing of the bars of the State of New York and the Commonwealth of Massachusetts, and I am admitted to practice in the Southern District of New York. I am an attorney with The Rosen Law Firm, P.A. ("Rosen Law"), Lead Counsel for Lead Plaintiff Craig Black and named Plaintiff Diva Joshi (together, "Plaintiffs") and the putative Class in the above-captioned Action.

2.      I submit this Declaration in support of Plaintiffs' Proposed Findings of Fact and Conclusions of Law regarding Plaintiffs' and Lead Counsel's compliance with Rule 11(b) of the Federal Rules of Civil Procedure.

3.      I was one of the attorneys at Rosen Law with day-to-day responsibility for supervising the litigation of this Action, and in that capacity, I oversaw, reviewed, signed, and participated in the drafting of Plaintiffs' pleadings and memoranda of law filed in the Action.

4.      I take seriously my personal and professional reputation, my duties to my clients, my private enforcement role under the federal securities laws, and my duty of candor to the Court. Accordingly, as an officer of the Court, I would <u>never</u> breach my ethical

1

obligations, including those under Rule 11(b). I believe that Rosen Law, and all of the attorneys and non-attorney employees who worked on behalf of Plaintiffs in this Action, complied with their ethical obligations in connection with this litigation. Rosen Law worked closely with Plaintiffs, who appropriately relied on Lead Counsel to perform a fulsome investigation into the facts and law related to all aspects of this litigation.

5.    Prior to filing Mr. Black's motion for appointment of lead plaintiff in this action (ECF No. 25), Rosen Law conducted a preliminary review of the claims at issue in this action, which included, among other things: (1) reviewing the complaint filed in this Action by the law firm Robbins Geller Rudman & Dowd LLP LLP and Johnson Fistel, LLP (ECF No. 1); (2) conducting a preliminary review of publicly available information underlying the claims at issue in this action; and (3) assessing Lead Plaintiff's and the putative class's damages and economic loss resulting from the alleged misstatements and omissions at issue in this Action by consulting with an economics expert experienced with securities class action damages. Based on this preliminary review, I and the other Rosen Law attorneys working on the case concluded the claims at issue in this Action are sound and not frivolous.

6.    On August 17, 2022, the Court issued a Case Management Order appointing Mr. Black as Lead Plaintiff and approving his selection of Rosen Law as Lead Counsel. ECF No. 45. In that same Order, the Court directed Lead Plaintiff to file an amended complaint on or before September 1, 2022, with a briefing schedule for Defendants' anticipated responses thereto. *Id.* at 5. The parties jointly requested an extension of the pleading schedule, which the Court granted on August 26, 2022. ECF No. 64.

7.     Following the Court's Case Management Order, Rosen Law conducted an extensive factual investigation to prepare the first amended complaint ("FAC"). That factual investigation tracked commonly accepted steps in prosecuting securities fraud class actions, including, among other things: (i) reviewing the relevant U.S. Securities and Exchange Commission ("SEC") filings by Defendant Riskified, Ltd. ("Riskified"), press releases, conference call transcripts, public statements, news articles, other publications, securities analysts' reports and advisories about Riskified, and other readily obtainable information; and (ii) enlisting the services of private investigators at On Point Investigations and LapidIM Global Intelligence to identify additional relevant information about Riskified and the allegations of the initial and amended complaints, including by identifying, contacting, and conducting interviews with several former employees of Riskified. Indeed, six of the former Riskified employees interviewed by Plaintiffs' investigators were cited or quoted in the FAC.

8.     After Plaintiffs timely filed their FAC on September 15, 2022 (ECF No. 65), Defendants timely filed their motion to dismiss the FAC on October 28, 2022 (ECF No. 71). After reviewing Defendants' motion to dismiss, Plaintiffs indicated their desire to further amend their complaint in response to Defendants' motion, *see* ECF No. 75, as contemplated by the Court's Case Management Order.

9.     Before filing their second amended complaint ("SAC"), Rosen Law continued and expanded their extensive factual investigation of the allegations. The continued investigation included, among other things: (i) conducting legal research of the cases and issues presented in Defendants' motion to dismiss the FAC; (ii) conducting further review of Riskified's SEC filings, press releases, conference call transcripts, public statements, news articles, other publications, securities analysts' reports and advisories about Riskified, and

other readily obtainable information; and (iii) continuing to work with investigators at On Point Investigations and LapidIM Global Intelligence to identify, contact, and interview additional former employees of Riskified, interviewing nearly a dozen in total and citing or quoting from ten of the interviews in the SAC.

10. Based on this factual investigation, I believe that Rosen Law conducted an inquiry reasonable under the circumstances, that the allegations in the FAC and SAC had evidentiary support or would likely have evidentiary support after a reasonable opportunity for further investigation or discovery, that the legal claims of false and misleading statements and omissions of material fact in the FAC and SAC were sound and warranted by existing law, and that neither the FAC nor SAC were presented for any improper purposes.

11. To date, Rosen Law attorneys and legal staff have spent more than 320 hours litigating this matter, primarily on factual and legal research and writing.

12. The investigations conducted by On Point and LapidIM involved collaborating closely with Rosen Law (primarily through myself), including telephone conversations and email communications regarding case issues, sharing updates on investigation activity and developments, and providing instructions to the investigators regarding areas and topics for investigative development.

13. The compensation provided to On Point and to LapidIM was not contingent upon the amount of information obtained. Instead, the investigators' compensation was based on the amount of time expended on the investigation.

14. If the Court requires any additional information regarding my or Rosen Law's compliance with Rule 11, I am prepared to answer any questions the Court may have at an in-person or remote hearing or in further written submissions.

I declare under penalty of perjury that the foregoing facts are true and correct.


Dated: July 14, 2023                    */s/Joshua Baker*